UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY DARNELL JONES,

       Plaintiff,

                                                      CASE No. 1:21-cv-51

v.

                                                      HON. ROBERT J. JONKER

BENJAMIN HESS, et al.,

       Defendants.

_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Green's Report and Recommendation in this matter (ECF No. 8) and Plaintiff's Objection to the Report and Recommendation (ECF No. 9). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified."  12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> [t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3).  De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge.  *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the

Report and Recommendation itself; and Plaintiff's Objections.  After its review, the Court finds that Magistrate Judge Green's Report and Recommendation is factually sound and legally correct.

Plaintiff, proceeding *pro se*, initiated this action on January 19, 2021, purportedly on behalf of his granddaughter, an individual whom Plaintiff contends is incapacitated and paralyzed due to a car crash occurring on January 18, 2019.  His Complaint alleges a series of claims under 42 U.S.C. § 1983 against a myriad of individuals (and an insurance company) Plaintiff says were involved in the events leading up to and following the crash that violated his granddaughter's constitutional rights.  Magistrate Judge Green's Report and Recommendation concludes that as a non-lawyer, Plaintiff could not represent the interests of another individual.  Accordingly, the Magistrate Judge recommends that this action be dismissed without prejudice.[1]  The Court agrees.

Plaintiff's Objections offers little other than a generalized disagreement to the Magistrate Judge's recommended disposition.  Plaintiff simply states that he "objects" to the Magistrate Judge's reasoning, and he asks this Court to permit him to represent his granddaughter's interests. (ECF No. 9).  To the extent these objections require de novo review,[2] the Court finds that the Magistrate Judge's analysis is accurate and overrules Plaintiff's objection.  Plaintiff does not claim to be the legal guardian of his granddaughter, for one thing, and so Plaintiff is precluded from bringing this action under FED. R. CIV. P. 17(c) and 28 U.S.C. § 1654.  But even assuming Plaintiff

---

[1] Alternatively, the Magistrate Judge observes that a licensed attorney could appear to represent the interests of the incapacitated individual.  The Magistrate Judge gave Plaintiff thirty days from the date of the R&R to find an attorney and have the attorney file an appearance in this action. Plaintiff, by virtue of his objections, makes it clear that he chooses not to pursue this avenue.

[2] An objection which is not "clear enough to enable the district court to discern those issues that are dispositive and contentious," is insufficient to permit review of the magistrate's report. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).  Thus, a "general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed." *Id.*  Here, Plaintiff makes a conclusory objection to the Magistrate Judge's Report and Recommendation without citing to any case law to support his position or making any argument as to why the Magistrate Judge erred.  Plaintiff's objection, then, is without merit.

is the legal guardian of his granddaughter, numerous courts have held that a non-attorney individual may not bring a federal lawsuit on behalf of a minor or an incapacitated person without the assistance of counsel.  *See, e.g.*, *Bush v. Goodall*, 732 F. App'x 135, 137-38 (3d Cir. 2018); *Galanova v. Portnoy*, 432 F. Supp. 3d 433, 441-43 (S.D.N.Y. 2020); *Smith v. Dobbs Bros. Mazda*, No. 06-2422-B/V, 2006 WL 3624332, at *2 (W.D. Tenn. Dec. 8, 2006).  The justification for this rule is plain: a party may be bound, and that party's legal rights waived, by a representative.  Thus "the rule prohibiting a next friend from litigating pro se on behalf of another person exists to protect the rights of the represented party." *Bush*, 732 F. App'x at 137.

As the above discussion should make clear, it is not the case that there is no recourse for Plaintiff's granddaughter to bring a claim.  The appropriate State Probate Court has jurisdiction to appoint a guardian for an incapacitated person.  And a duly appointed Guardian could retain counsel and proceed with any appropriate case.  But the posture of this case is far from that, and the Court agrees with the Magistrate Judge that this case must be dismissed.

## CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 8) is **APPROVED and ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's motion for order to file instanter (ECF No. 4) is **DISMISSED AS MOOT.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE.**

A separate judgment shall enter.

Dated:   February 10, 2021            /s/ Robert J. Jonker
                                      ROBERT J. JONKER
                                      CHIEF UNITED STATES DISTRICT JUDGE